In the Matter of the Care and Treatment of Larry COFFMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 84573.

Missouri Court of Appeals,
Eastern District,
Division One.

May 3, 2005.

Emmett D. Queener, Columbia, MO, for appellant.

James R. Layton, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., and BOOKER T. SHAW, J.

## ORDER

PER CURIAM.

Larry Coffman ("Coffman") appeals from the probate court's judgment entered following a jury verdict finding him to be a sexually violent predator and committing him to the custody and care of the Department of Mental Health pursuant to Sections 632.480–632.513, RSMo 2000. Coffman raises four points on appeal.

In his first point, Coffman argues the probate court abused its discretion in denying his motion to exclude expert testimony regarding whether he had serious difficulty controlling his behavior because the expert's testimony had no reasonably reliable scientific basis or methodology upon which to determine Coffman's ability to control his behavior. In his second point, Coffman claims the probate court abused its discretion and committed plain error by denying his motion to exclude expert testimony because the determination of whether a person has exhibited serious difficulty in controlling his or her behavior is one a lay person can make on the basis of his or her own experience, thus rendering an expert opinion on this issue inadmissible. In his third point, Coffman alleges the probate court erred in submitting Instruction No. 8 because it allowed the jury to return a verdict which did not answer the proper, necessary, and ultimate question in the case, and minimized the jury's sense of responsibility in determining whether Coffman was a sexually violent predator. In his final point, Coffman claims the probate court abused its discretion and committed plain error in admitting evidence that Coffman suffered from a personality disorder because the admission of this evidence violated his due process rights since evidence of a personality disorder cannot satisfy the statutory definition of a mental abnormality.

We have reviewed the briefs of the parties, the extensive legal file, and transcript on appeal. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.14(b).